ISAAC R. L. WILES, APPELLANT, V. FARMERS IRRIGATION DISTRICT, APPELLEE.

FILED JUNE 26, 1928. No. 25701.

*Morrow & Morrow,* for appellant.

*Raymond & Fitzgerald, contra.*

Heard before Goss, C. J., Dean, Good and Eberly, JJ., and Chase, Redick and Wheeler, District Judges.

Wheeler, District Judge.

This is an appeal by the plaintiff from a judgment entered upon a jury verdict for the defendant in an action against an irrigation district for damages for flooding plaintiff's land.

Plaintiff's quarter section lies about two miles north of the North Platte river in Scotts Bluff county, Nebraska. On the north side of the river the country is flat and level for about two miles, then the ground arises somewhat abruptly from 80 to 100 feet to what is known as the table land. The table land is comparatively level and gradually rises in a northerly direction 10 or 15 miles to the hills. This configuration extends for many miles up and down the river. At intervals long draws traverse the table land almost at right angles to the river. Plaintiff's land lies at the base of the table almost at the outlet of one of these long draws, locally known as "Nine Mile canyon," into which an area of from 40,000 to 50,000 acres of land drains. The whole area is irrigated from canals running along the north edge of the table.

With the extension of irrigation came seepage. When water was placed on the land for agricultural purposes it raised the general water table, and in places lower than the canal seeped to the surface. This condition necessitated drainage. The defendant company, to counteract the effect of its irrigating system and to save the land under it for agricultural purposes, deepened the Nine Mile canyon and

with plaintiff's permission constructed a ditch running north and south along the natural line of drainage to carry the seepage to the North Platte river. In September, 1923, a heavy rain storm flooded Nine Mile canyon and the floodwaters coming down the ditch deposited silt and debris on plaintiff's land. There is some testimony to the effect that before the flood plaintiff's land was worth from $50 to $75 an acre and after the flood about $15, and other testimony to the effect that it was only worth $10 or $15 an acre before the flood and about the same afterward. The only crop on plaintiff's land was salt hay and sweet clover. Plaintiff asked for $10,000 damages.

According to the pleadings the action was based upon the negligent construction and operation of defendant's ditch, in that it contained no riprapping or drops; that defendant did not keep it open and dredged out, and that it was so constructed that there was an abrupt change of grade on the north of plaintiff's land, which caused a deposit of silt and gravel. The damage was done by floodwaters, and not by seepage. The trial judge took from the jury the question of negligence in the construction and operation of the ditch, and instructed the jury to find for the plaintiff, if the defendant's ditch did not follow the natural course of drainage and diverted the canyon water over plaintiff's land. The jury found for the defendant under this instruction. The instruction was more favorable to the plaintiff than he was entitled to. In this case a recovery for plaintiff could only be predicated upon defendant's negligence in the construction or operation of the drainage ditch.

Upon appeal plaintiff advances the proposition that where an irrigation district constructs a ditch to care for seepage water, it becomes liable for any damages resulting thereby. We are not in accord with this proposition. Seepage is a natural result of irrigation—a necessary concomitant detriment of an agricultural benefit. It is a common enemy which it is both the right and duty of the irrigation district to relieve landowners from. In fighting seepage an

irrigation district only becomes liable for negligence in the construction, care, or operation of its seepage ditches.

The only issues in this case are those of fact—whether defendant's ditch followed the natural course of drainage; whether defendant's operation constituted an improvement of a natural watercourse; and whether there was any negligence on the part of the defendant in the construction and operation of its drainage ditch. The jury found for the defendant on all of these issues. While the record shows some conflict in the evidence as to whether defendant's ditch followed the established watercourse, the preponderance of the evidence establishes the fact that it did. The damage was done by storm-water, not by the seepage flow. Defendant diverted no storm-water into the Nine Mile canyon drainage area and brought no flood-water upon plaintiff's land which would not have flowed there in the absence of the seepage ditch. There is no testimony as to negligence or as to any manner in which defendant's ditch could or should have been improved, either in construction or operation. The instructions were more favorable to the plaintiff than the law warrants, and the judgment for the defendant must be, and is,      AFFIRMED.